Date Signed:
May 25, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ONENOA FAAVEVELA FAITALIA and SOI FAITALIA,<br><br>                   Debtors. | Case No. 15-00698<br>Chapter 13<br><br>Re: Docket No. 86 |

MEMORANDUM OF DECISION ON DEBTORS'
MOTION FOR ATTORNEYS' FEES AND COSTS

In this chapter 13 case, the Debtors sought to value their real property and to "strip off" the alleged secured claim of Village Park Community Association ("Village Park"). I held that Village Park's claim was wholly unsecured.[1] I also held that the Debtors were entitled to recover attorneys' fees and costs under Hawaii law.[2] The Debtors have filed declarations describing the amount of their attorneys' fees and

---

[1] Dkts. 78 and 81.

[2] Oral ruling rendered on May 10, 2016, dkt. 98.

costs,[3] and Village Park has objected.[4]

I find that the legal services described in the Debtors' attorney's billing statement were actually, reasonably, and necessarily rendered. If anything, it is remarkable that Debtors' counsel was able to handle the case successfully with so few hours, considering the enormous effort which Village Park's counsel devoted to the case.

I find that $350 is a reasonable hourly rate for the services of the Debtors' counsel. That rate is comparable to the rates charged by other bankruptcy specialists of similar skill and experience in this district. Village Park's criticism of the quality and efficiency of counsel's work is not well taken, especially considering that the Debtors prevailed.

I agree with Village Park that the printing costs are not reimburseable. It appears that those charges relate to hard copies printed for counsel's use, rather than for filing or service purposes. I understand and sympathize with those who prefer to work with paper copies of documents, but I do not think an attorney should be allowed to shift to an adverse party the expense of the attorney's preference to read on paper rather than on a screen.

I agree with the Debtors that Village Park should pay the fee charged by their

---

[3] Dkts. 99 and 100.

[4] Dkt. 101.

2

U.S. Bankruptcy Court - Hawaii   #15-00698   Dkt # 104   Filed 05/25/16   Page 2 of 3

appraiser. The Debtors are entitled to recover from Village Park "[a]ll costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of" the Debtors.[5] The appraiser's fee is an "expense" under the statute even if it is not a "cost" for other purposes. The appraiser's fee is reasonable in comparison with the amounts charged by other appraisers in cases before me.

Finally, I agree with Village Park that the award of attorneys' fees and costs in favor of the Debtors should be offset against any nondischargeable amounts owed by the Debtor to Village Park as of the entry of the order. Village Park implicitly argues that it is entitled to an offset for future maintenance fees, and probably would argue that the Debtors should be precluded from collecting the attorneys' fee award except as an offset against future maintenance fees. I am unaware of any authority for the proposition that the Debtors may not enforce the attorneys' fee award other than as an offset against obligations that the Debtors do not owe yet.

A separate order shall enter fixing the amount of attorneys' fees and expenses that the Debtors are entitled to recover from Village Park.

END OF ORDER

---

[5] Haw. Rev. Stat. § 421J-10(a).

U.S. Bankruptcy Court - Hawaii   #15-00698   Dkt # 104   Filed 05/25/16   Page 3 of 3